# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WARREN WASHINGTON, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| THOMAS J. WIGINGTON, | : | CIVIL ACTION NO. |
| et al., | : | 1:12-CV-0637-WSD-JFK |
| Defendants. | : | |

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Plaintiff, Warren Washington, confined in the Rockdale County Jail in Conyers, Georgia, has submitted a *pro se* civil rights complaint. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, (Doc. No. 1), for screening under 28 U.S.C. § 1915A.

## I.    28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d

1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555.

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations

omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings this action against Rockdale County Sheriff Thomas J. Wigington, Captain Eaton, Sergeant Pass, Deputy W. Hester, and Deputy Najarian. Plaintiff complains about incidents that occurred on September 21, October 19, November 3, and November 8, 2011, and on January 30, 2012. (Doc. No. 1 ¶ IV and Attach. at 2-3). Plaintiff seeks damages and declaratory and injunctive relief. (Id.

¶ V). Unless otherwise stated, the facts set out below are the facts as alleged by Plaintiff.

### A. September 21, 2011

On September 21, 2011, Plaintiff went to the bathroom and returned to his sleeping area without notifying the officer on duty. Deputy Smith approached Plaintiff, "and an argument ensued." Lieutenant Calloway – who is not a Defendant in this action – was called, and she ordered that Plaintiff be taken to 4-Pod, a higher security area of the jail, where Plaintiff remained until December 11, 2011. Plaintiff complains that he did not receive notice or a hearing before being placed in higher security. (Doc. No. 1 ¶ IV).

The Due Process Clause protects persons against deprivations of "life, liberty, or property without due process of law[.]" U.S. Const. Amends. V, XIV. A prisoner, however, has no liberty interest in avoiding high-security confinement unless that confinement deprives him of a state-created interest and exceeds his sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Magluta v. Samples, 375 F.3d 1269, 1282

(2004) (quoting Sandin v. Conner, 515 U.S. 472, 483-84 (1995)) (internal quotation marks omitted).

Plaintiff fails to state a claim based on the September 21, 2011, incident and his placement in 4-Pod because he alleges no facts associating any of the named Defendants with the alleged wrong. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong." (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1234, at 381-85 (3d ed. 2004))). Further, Plaintiff alleges nothing to indicate that confinement in 4-Pod meets the Sandin standard for showing a liberty interest that is protected by the Due Process Clause.

### B. October 19, 2011

Plaintiff complains that he lost an opportunity to go to the law library when he was not ready to leave his cell when called. On October 19, 2011, Deputy Najarian arrived at Plaintiff's cell to escort Plaintiff to the law library. Deputy Najarian indicated that Plaintiff was taking too long leaving his cell and began closing his cell door. Deputy Najarian "slammed the door jamming Plaintiff['s] right wrist [and]

5

shoulder as Plaintiff stuck his arm out to prevent the cell door from slamming."[1] Deputy Najarian thereby denied Plaintiff access to the law library and hindered his legal pursuits. (Doc. No. 1 ¶ IV).

Prisoners have a constitutional right of access to the courts when seeking to vindicate fundamental rights. Miller, 541 F.3d at 1096 (citing Bounds v. Smith, 430 U.S. 817, 821 (1977); Rivera v. Allin, 144 F.3d 719, 724 n.9 (11th Cir. 1998)). A viable claim of the denial of access to the courts requires that a plaintiff show an "actual injury regarding prospective or existing litigation," such as "missing filing deadlines or being prevented from presenting claims," while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." Wilson v. Blankenship, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998).

Plaintiff alleges no facts showing that he has suffered an actual injury to the pursuit of a non-frivolous case. Plaintiff fails to state a claim based on the October 19, 2011, incident.

---

[1]In a prison grievance, Plaintiff states that Deputy Najarian slammed the door and that he tried to catch it. (Doc. No. 1, Ex B). Plaintiff does not contend that Deputy Najarian used excessive force, and the Court notes that Plaintiff's attempt to catch a door that was already in the process of being slammed shut does not show the use of excessive force by Deputy Najarian.

6

### C. November 3, 2011

Plaintiff complains that he was sanctioned without proper notice or hearing after he became angry and argumentative and threatened to kill two officers. On November 3, 2011, Deputy Najarian was passing out jump-suits. Plaintiff, who was talking on the telephone, told his caller to hold while he exchanged his jumpsuit. Plaintiff told Deputy Najarian to hurry because he had someone on hold. Deputy Najarian's response – that it was not his problem – made Plaintiff angry, and he began to argue. Deputy Hester pulled out handcuffs, and Deputy Najarian pulled out his mace in a threatening and aggressive manner. Plaintiff told them that he would kill them if they touched him. Plaintiff received a citation and was sanctioned with a two-week loss of commissary, visitation, and outdoor recreation privileges. Plaintiff did not receive notice or a hearing before he was sanctioned. (Doc. No. 1 ¶ IV and Attach. at 2).

The <u>Sandin</u> standard discussed above applies. Plaintiff's two-week loss of privileges does not show a change in the conditions of his confinement so great that

7

he was entitled to due process protection before the sanctions were imposed.[2] Plaintiff fails to state a claim related to the November 3, 2011, incident.

### D.　**November 8, 2011**

On November 8, 2011, Plaintiff and another prisoner "got into it over a card game." Plaintiff was placed in 5-B (the "hole") for seven days, without receiving notice or a hearing. When Plaintiff complained about the lack of notice or a hearing, Sergeant Pass told him that notice and a hearing was unnecessary, and Sheriff Wigington and Captain Eaton had nothing to say. (Doc. No. 1, Attach. at 2).

The Sandin standard again applies. Plaintiff alleges nothing to show that his seven-day placement in 5-B involved a change in the conditions of his confinement so great that he was entitled to due process protection. Plaintiff fails to state a claim related to the November 8, 2011, incident.

---

[2]The Court notes that a two-week loss of visitation privileges does not deprive a prisoner of his First Amendment communication rights when he has other means of communication, such as telephone and written communication. See Pope v. Hightower, 101 F.3d 1382, 1385 (11th Cir. 1996) (finding that telephone restrictions were reasonable and finding that it was significant that prisoners had alternative means of communication). Plaintiff does not allege that all means of communication were foreclosed.

8

### E. January 30, 2012

On January 30, 2012, Plaintiff argued with Deputy Hester "over [Plaintiff] choosing to stand up[.]"[3] Deputy Hester used "hurtful words" and stated "your Mama" twice, the second time with "more nastiness[.]" Plaintiff "reacted[.]" After Deputy Hawthorne subdued Plaintiff, Deputy Hester struck Plaintiff in the head three times. Criminal charges were filed against Plaintiff, but only to protect Deputy Hester from charges that he assaulted Plaintiff – shown by the fact that Plaintiff previously had used the words "kill you" and yet had not been charged. (Doc. No. 1, Attach. at 2-3).

In support of his contention that Deputy Hester struck him three times, Plaintiff has attached Exhibits, Deputy Hester's incident report, Deputy Hawthorn's supplement, Deputy Myers's supplement, and Sergeant Pass's supplement. (Doc. No. 1, Exs. F-1 - F-4). Those reports and supplements show (1) that Plaintiff's reaction to Deputy Hester was to threaten to kill him, take a fighting stance, and punch Deputy Hester; (2) that Deputy Hester and Deputy Hawthorne used verbal commands and strikes to bring Plaintiff under control; (3) that Plaintiff was brought under control; and (4) that no deputy or inmate was injured. (Id.).

---

[3] Deputy Hester's incident report states that he told Plaintiff to "sit down and hold the noise down." (Doc. No. 1, Ex. F-1).

9

The Eighth Amendment prohibits "the 'unnecessary and wanton infliction of pain[.]'" Thomas v. Bryant, 614 F.3d 1288, 1303 (11th Cir. 2010) (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)). Abusive words alone do not violate the constitution, unless accompanied by other unconstitutional conduct. Evans v. Stephens, 407 F.3d 1272, 1282 (11th Cir. 2005) (holding that "the totality of the circumstances" – including the use of physical force and terrifying language – showed a constitutional violation); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (stating that "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations" (internal quotation marks and citation omitted)). Further, a "push or shove" that may violate state tort law does not necessarily violate the constitutional prohibition against cruel and unusual punishment. See Hudson, 503 U.S. at 9; Peterson v. Baker, 504 F.3d 1331, 1340 (11th Cir. 2007). The "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."[4] Hudson, 503 U.S. at

---

[4]The Court notes that although the use of *de minimis* force is excluded from constitutional consideration, in non-binding opinions, the Eleventh Circuit suggests that whether force qualifies as *de minimis* is informed, at least in part, by the need for force. See Dobbins v. Giles, 451 F. App'x 849, 851 (11th Cir. 2012) (holding that a punch between the eyes and a slap of prisoner who could not transfer from his bed to

9-10 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)) (internal quotation marks omitted); accord Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996) ("'[D]e minimis' uses of force are beyond constitutional recognition." (quoting Hudson, 503 U.S. at 7-8)).

Whether a use of more than *de minimis* force violates the Eighth Amendment "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (quoting Whitley, 475 U.S. at 320-21) (internal quotation marks omitted); see also Lewis v. Downey, 581 F.3d 467, 475 (7th Cir. 2009) ("If the force [is] more than *de minimis*, we must consider whether it 'was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" (quoting Hudson, 503 U.S. at 7)). Factors to be considered in an excessive force inquiry are, "the need for the application of force; the relationship between the need and the amount of force that was used; and

---

his wheelchair – when there is "no need for force" – is "wanton and unnecessary"); Woodruff v. City of Trussville, 434 F. App'x 852, 855 (11th Cir. 2011) (holding that officer used *de minimis* force when – after stopping a reckless and speeding motorist who failed to pull over promptly when officer turned on lights – he punched the motorist in the face, forcefully removed him from his car, and slammed him to the ground).

11

the extent of the injury inflicted upon the prisoner." Cockrell, 510 F.3d at 1311 (quoting Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir.1987)) (internal quotation marks omitted). "Although the extent of injury is a relevant factor in determining whether the use of force could plausibly have been thought necessary under the circumstances and may be an indication of the amount of force applied, it is not solely determinative of an Eighth Amendment claim." Logan v. Smith, 439 F. App'x 798, 800-01 (11th Cir. 2011) (citing Wilkins v. Gaddy, _ U.S. _, _, 130 S. Ct. 1175, 1178 (2010)).

Deputy Hester's use of hurtful words (if true) did not violate the Constitution. Plaintiff's admission that he was arguing with Deputy Hester and that he threatened to kill (as he previously had threatened) shows that there was a need to restore order. Although the facts in the officers' reports readily support a finding of reasonable force, Plaintiff does not admit that he punched Deputy Hester and states that he was subdued when Deputy Hester struck him, and the Court presumes Plaintiff's version of the facts to be true at this time. Plaintiff, however, does not allege that he suffered *any* injury or describe the force of the strikes, which indicates that the strikes lacked intensity and that the force was *de minimis*. Weighing the allegations – that a prisoner argued with an officer about the prisoner's wish to stand up when he chose, that the officer used

12

offensive language, that the prisoner responded with threatening language, that the prisoner was subdued, and that the officer then struck the prisoner three times in the head, without enough force to injure – the Court does not find excessive force. See Bloodsworth v. Brooks, No. 06-0252-CG-M, 2008 WL 2622772, at *7 (S.D. Ala. June 30, 2008) (holding that unjustified slap that caused no injuries was *de minimis* force and did not violate the constitution). Plaintiff fails to state a claim related to the January 30, 2012, incident.

### F. Fear of Retaliation and Conspiracy

Plaintiff states that since the January 30, 2012, incident, officers have been showing ill will toward Plaintiff – making snide remarks such as "'not today,' 'wish I could help you,' or . . . 'you're too late[.]'" (Doc. No. 1, Attach. at 3). Plaintiff states that, because of the above conduct, he fears retaliation and believes that the officers are conspiring to "provoke another incident" and help Deputy Hester. (Id.).

"An inmate must establish three elements to prevail on a retaliation claim . . . . The inmate must prove that: (1) 'his speech or act was constitutionally protected'; (2) 'the defendant's retaliatory conduct adversely affected the protected speech'; and (3) 'there is a causal connection between the retaliatory actions and the adverse effect on speech.'" Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Bennett

13

v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005)). "[C]onclusory, vague, and general allegations of conspiracy" are insufficient to state a claim. Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 12 (11th Cir. 2010) (citing Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)).

Plaintiff's conclusory assertion of a conspiracy is insufficient to show that a conspiracy exists. Further, Plaintiff's attempt to state a retaliation claim fails. Plaintiff states that the showing of ill will followed the January 30, 2012, incident. However, Plaintiff has no constitutionally protected right to argue with a correctional officer who has told him to sit down or to threaten a correctional officer. Plaintiff does not clearly identify any constitutionally protected speech or action that is threatened or adversely effected by the officers' comments. Plaintiff's assertions regarding a conspiracy and his fear of retaliation fail to state a claim.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED**, without prejudice, for failure to state a claim.[5]

---

[5] When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice. Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated

14

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO DIRECTED and RECOMMENDED** this 27th day of July, 2012.

*[signature]*
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without prejudice*." (emphasis in original)).