# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

WARREN WASHINGTON,

                 Plaintiff,

v.                                              1:12-cv-0637-WSD

THOMAS J. WIGINGTON, et al.,

                 Defendants.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [6], following her review of Warren Washington's ("Plaintiff") Civil Rights Complaint (the "Complaint") [1], pursuant to 28 U.S.C. § 1915A.

## I. BACKGROUND

Plaintiff, a prisoner in the Rockdale County Jail in Conyers, Georgia, brings this *pro se* civil rights action against Defendants Sheriff Thomas J. Wigington ("Wigington"), Captain Eaton ("Eaton"), Sergeant Pass ("Pass"), Deputy W. Hester ("Hester"), and Deputy Najarian ("Najarian") (collectively, "Defendants"). Defendants are employed by the Rockdale County Sheriff's Department.

On February 23, 2012, Plaintiff filed his Complaint, asserting claims under 42 U.S.C. § 1983.[1] Plaintiff alleges that Defendants violated his constitutional rights on September, 21, October 19, November 3, and November 8, 2011, and on January 30, 2012.[2] (Compl. at 4-8).

On September 21, 2011, Plaintiff contends he went to a bathroom and returned immediately to the sleeping area without asking for permission from the officer on duty. (Id. at 4). Defendant Smith "approached Plaintiff and an argument ensued." (Id. at 4-5). Lieutenant Calloway[3] "was summoned" and ordered Plaintiff to be taken to the 4-Pod, the highest security area of the jail. (Id. at 5). Plaintiff remained in 4-Pod until December 11, 2011. (Id.).

On October 19, 2011, Plaintiff contends he was denied access to the law library because Plaintiff "was taking too long to come out of his cell." (Id.).

---

[1] The Court notes that the original Complaint is dated February 23, 2012, and was filed with the Clerk of Court's office on February 27, 2012. "Under the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Absent contrary evidence, we will assume that a prisoner's filing was 'delivered to prison authorities the day he signed it.'" Fuller v. Terry, 381 F. App'x 907, 908 (11th Cir. 2010) (quoting Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), and citing Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999)).

[2] The Court notes that the pages of Plaintiff's Complaint are not individually numbered and that two pages of Plaintiff's "Statement of Claim" appear after the section on "Relief." As such, the Court refers to the actual page numbers of the Complaint, which are also listed by CM/ECF in the upper right hand corner, instead of the sections, when citing to it.

[3] Lieutenant Calloway is not a named Defendant in this action.

Defendant Najarian "slammed the door jamming Plaintiff['s] right wrist [and] shoulders as Plaintiff stuck his arm out to prevent the cell door from slamming." (Id.). Plaintiff claims Defendant Najarian's conduct denied Plaintiff access to the law library and hindered his legal pursuits. (Id.).

On November 3, 2011, Plaintiff contends he got into a second altercation with Defendant Najarian where he was sanctioned with two weeks loss of visitation and two weeks loss of outdoor recreation without a hearing. (Id. at 5-6). Plaintiff told Defendant Najarian to hurry up handing out jump-suits because he had someone on hold on the telephone. (Id. at 6). Defendant Najarian replied that "it's not [his] problem" and a verbal argument ensued with Plaintiff. (Id.). Defendant Najarian also pulled out his mace in a threatening manner. (Id.). Defendant Hester became involved in the argument, pulled out his handcuffs, and positioned them in his hands like brass knuckles. (Id.). Plaintiff responded to Defendants Hester's and Najarian's actions with a threat to kill them if they touched him. (Id.).

On November 8, 2011, Plaintiff contends he got into an argument with another prisoner over a card game. (Id.). Plaintiff was placed in the 5-B section of the jail ("the hole") for seven days without a hearing. (Id.). When Plaintiff complained about his lack of a hearing, Defendant Pass told Plaintiff that a hearing

3

was not necessary, and Defendants Wigington and Eaton "had nothing to say." (Id.).

Finally, on January 30, 2012, Plaintiff contends he got into a third altercation with Defendant Najarian. (Id. at 6). Plaintiff, who lost his mother to cancer, was emotional hurt when Defendant Najarian yelled "your Mama" twice. (Id. at 6-7). Plaintiff reacted, stood up, and was grabbed and subdued by Deputy Hawthorne.[4] (Id. at 7). While subdued, Defendant Hester struck Plaintiff in the head three times. (Id.). "Criminal charges were filed against Plaintiff, but only to protect Deputy Hester from charges that he assaulted Plaintiff – shown by the fact that Plaintiff previously had used the words 'kill you' and had not been charged." (R&R at 9).

Plaintiff seeks $100,000.00 from Defendant Hester, $50,000.00 in compensatory damages from each Defendant, and punitive damages "in the amount of $1,000.00 a day for each day . . . housed in 4-E, and $10,000 a day for each day . . . held in 5-B." (Compl. at 5).

Plaintiff seeks injunctive relief prohibiting Defendants from "harassing, intimidating, retaliating, and conspiring" against him. (Id. at 8). Plaintiff also

---

[4] Deputy Hawthorne is not a named Defendant in this action.

4

seeks injunctive relief requiring that Defendants provide him with greater access to legal assistance and materials. (Id.).

On July 27, 2012, after reviewing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge issued her R&R.

The Magistrate Judge found that: (1) Plaintiff fails to state a claim based on the September 21, 2011, incident "because he alleges no facts associating any of the named Defendants with the alleged wrong"; (2) Plaintiff fails to state a claim based on the October 19, 2011, incident because he alleges no facts showing he sustained an actual injury from being struck in the arm by the slamming of the cell door; (3) Plaintiff fails to state a claim based on the November 3, 2011, incident because "Plaintiff's two-week loss of privileges does not show a change in the conditions of his confinement so great that he was entitled to due process protection before the sanction were imposed"; (4) Plaintiff fails to state a claim based on the November 8, 2011, incident because "Plaintiff alleges nothing to show that his seven-day placement in 5-B involved a change in conditions of his confinement so great that he was entitled to due process protection"; (5) Plaintiff fails to establish an excessive force claim based on the January 30, 2012, incident because Plaintiff does not allege he suffered any injury from the three strikes to head or describe the force of the strikes; and, (6) Plaintiff fails to establish a claim

5

for fear of retaliation and conspiracy because Plaintiff does not assert a violation or threat of any constitutionally protected right. (R&R at 5-8, 12-13). Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed without prejudice.

Plaintiff has not filed objections to the R&R.

## II. DISCUSSION

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Because Plaintiff did not object to the R&R, the Court reviews it for plain error.

After careful review, the Court finds no plain error in the Magistrate Judge's factual findings or recommendations. The Court agrees with the Magistrate

Judge's finding that Plaintiff's Complaint fails to state a claim upon which injunctive relief or damages may be granted based on the alleged incidents that occurred on September 21, October 19, November 3, and November 8, 2011, and on January 30, 2012.[5]  The Court further agrees with the conclusion of the Magistrate Judge that Plaintiff has failed to state a claim for retaliation and conspiracy because Plaintiff has asserted no constitutionally protected speech or action that has been threatened by any ill will that followed the January 30, 2012, incident.  As such, the Court agrees with the Magistrate Judge that Plaintiff fails to state a claim that is cognizable under § 1983.  (R&R at 14-17).

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** Magistrate Judge Janet F. King's Final Report and Recommendation [6].  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A.

---

[5] The Court notes that Plaintiff has attached to his Complaint an incident report from Defendant Hester stating that Plaintiff swung at and hit Defendant Hester with a closed fist. (Compl. at 21).  Plaintiff does not dispute to Defendant Hester's characterization of the event anywhere in his Complaint.  (See generally Compl.).  The Court finds that this is further support that Plaintiff fails to state a claim for the January 30, 2012, incident pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** this 31st day of August, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE